No. 39,729

The State of Kansas, ex rel. W. R. Mathews, County Attorney, Cowley County, Kansas, *Appellee,* v. Monie B. Hines, *Appellant.*

(283 P. 2d 472)

Opinion filed May 7, 1955.

*Earle N. Wright,* of Arkansas City, argued the cause, and *George Templar,* and *Ted M. Templar,* both of Arkansas City were with him on the briefs for the appellant.

*W. R. Mathews,* county attorney, of Winfield, and *George E. Sybrant,* deputy county attorney, of Arkansas City, argued the cause, and *Harold R. Fatzer,* attorney general, was with them on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action for injunction instituted by the State of Kansas on relation of the county attorney of Cowley County for alleged violations of the Kansas Liquor Control Act.

Plaintiff (appellee) will be hereinafter referred to as the State, and defendant (appellant) as defendant.

Defendant demurred to the State's petition, as amended, on the ground it failed to state facts sufficient to constitute a cause of action against defendant; that the State had an adequate remedy at law; that the proceedings were an attempt to revoke and suspend defendant's current license, contrary to the provisions of the Act, and that the proceedings usurped the right, power and authority vested in the director of Alcoholic Beverage Control.

Defendant appeals from the order of the trial court overruling its demurrer.

The State's petition, as amended, giving it the inferences to which it is entitled, alleged in pertinent part: Defendant maintained and operated a licensed retail liquor store on described premises situated in Cowley County, and in July, 1951, 1952 and 1953 defendant secured renewal licenses based on the representation she was a resident of Arkansas City, while in fact she resided outside the city, for which reason defendant's license was fraudulently obtained in each instance, and that all sales made during the renewal periods were unlawful, and each day defendant was in operation under the mentioned renewal licenses was a violation of the laws of the State. Moreover, defendant gave credit to specific individuals by accepting checks for the sole purpose of extending credit for the purchase of intoxicating liquor. The names of the makers, dates and amounts of the various checks received by defendant for the alleged purpose of extending credit, are set forth in the amended petition, and that such acts constituted violations of the Act. The petition, as amended, further alleged that defendant's place had been unlawfully maintained and operated for a long period of time and was a common nuisance to the people of the State, and the same should be abated. The petition closed with a prayer for injunctive relief.

Defendant's principal argument is based upon the fact that the State has an adequate remedy at law, and that injunctive relief is not the proper remedy; that the sole and exclusive remedy is through the director of the Alcoholic Beverage Control, or by prosecution for the offenses wrongfully committed under the Act.

The State predicates its right to maintain the action on G. S. 1949, 41-805 and 41-806. Section 41-805, insofar as pertinent provides:

". . . Any room, . . . or place of any kind where alcoholic liquors are sold, . . . *in violation of this act,* . . . or any place where such liquors are kept for sale, . . . *in violation of this act,* and all such liquors, and all property kept . . . in maintaining such a place, are each and all of them hereby declared to be a common nuisance; and any person who maintains or assists in maintaining such common nuisance shall be guilty of a violation of this act. . . ." (Emphasis supplied.)

Section 41-806 provides:

"The attorney for the director when ordered by the director, *or county attorney* in the county in which such nuisance exists, or is kept or maintained, *may maintain an action by injunction,* in the name of the state of Kansas, to abate and temporarily or permanently to enjoin such nuisance. . . ." (Emphasis supplied.)

It is apparent from the foregoing statutes that the legislature did not intend to vest exclusive control and enforcement of the Kansas Liquor Control Act in the director of the Alcoholic Beverage Control, as contended by the defendant. These statutes specifically provide that violations of the Act shall make the premises on which the violation is being committed a common nuisance, and that an action for injunctive relief may be maintained by the county attorney against such person so maintaining and operating such place as a common nuisance within the county. The fact that the maintaining of a common nuisance is made a public offense, or that special provision is made for its abatement, is not necessarily a bar to the enjoining of a common nuisance by a court of equity. If the acts done and threatened to be done are such as to bring them within the jurisdiction and power of a court of equity, its arm is not shortened by the fact that the same acts may be denounced as a crime. The mere criminality of an act will not deprive the injured party of his equitable remedies nor shelter the wrongdoer from the judgment of a court of equity. (*State v. Rabinowitz,* 85 Kan. 841, 118 Pac. 1040.) While courts of equity are reluctant to use the process of injunction where the remedy by information is efficacious, however they will not hesitate where the remedy is not adequate and it is necessary to protect the rights of the public or an individual. A court of equity is not powerless to prevent the doing of an act merely because it is denounced as a public offense. It is a well-recognized principle that when a place is a public nuisance, its maintenance may be enjoined at the suit of the public prosecutor although its maintenance is subject to criminal prosecution. The obligation of the State to promote the interest of all, and to prevent the wrong-

doing of one resulting in injury to the general welfare, is often sufficient to give it a standing in court to obtain injunctive relief. (*State v. Lindsay*, 85 Kan. 79, 83, 116 Pac. 207.)

Defendant's contention that the injunction should not issue, inasmuch as the statute provides a penalty for the offense charged in the petition, cannot be sustained. The legislature made specific provision for injunctive relief. (41-805 and 41-806.)

We will first consider the allegation that defendant was operating under a fraudulent license. G. S. 1953 Supp., 41-311, provides in part:

. . . . . . . . . . . . . . .

"(2) No retailer's license shall be issued to:
"(a) A person who is not a resident of the city in which the premises sought to be licensed are located, . . ."

G. S. 1953 Supp., 41-901, provides in part:

"Any person who . . . sells alcoholic liquor . . . at any place within the state without having first obtained a valid license so to do under the provisions of this act, or shall obtain a license . . . by fraud, or shall make any false statement or otherwise violates any of the provisions of this act in obtaining any license hereunder, . . . shall for a first offense be fined. . . . Each day any person engages in business as a . . . retailer in violation of the provisions of this act shall constitute a separate offense: . . ."

The first mentioned section clearly shows that a license shall not issue to a person not a resident of the city in which the premises sought to be licensed are located. In the event the license is issued by reason of fraud or false statements, the last mentioned section shows the legislature intended such to be a violation of the act. The statute states: "or shall make any false statement or otherwise violates any of the provisions of this act," and further provides that each successive day of operation under a license so obtained shall constitute a separate offense. The petition contains the necessary allegations to cover this situation. The State is not asking for a revocation of the licenses issued by the director, but is seeking injunctive relief, based upon the alleged continued violations of the Act each day.

We will next consider the allegation that defendant accepted checks for the sole purpose of extending credit. G. S. 1949, 41-717, specifically prohibits the retail sale of liquor on credit:

"No person shall sell or furnish alcoholic liquor at retail to any person on credit. . . . No retailer of alcoholic liquor shall accept a check for pay-

ment of alcoholic liquors sold by him other than the personal check of the person making such purchase."

The allegation of the petition setting forth that the defendant gave credit to specific individuals by accepting checks for the sole purpose of extending credit for the purchase of intoxicating liquor was sufficient to constitute a violation of the statute which, in turn by virtue of section 41-805, constitutes a nuisance, and by virtue of the provisions of section 41-806, may be abated by injunction by the State on relation of the county attorney of the county in which the nuisance is being committed.

From what has been said, it is clear that the petition, as amended, alleged facts sufficient to state a cause of action for injunctive relief, and the court did not err in overruling the defendant's demurrer thereto.

The judgment is affirmed.